NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

TANIA LIZBETH ALVAREZ
CASTANEDA; ALEYDI MENDOZA
ALVAREZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   19-73132

Agency Nos.   A206-913-915
A206-913-916

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 10, 2021
San Francisco, California

Before:  HAWKINS and MILLER, Circuit Judges, and RESTANI,[**] Judge.

Tania Alvarez Castaneda and her daughter Aleydi Mendoza Alvarez,

citizens of Mexico, petition for review of an order of the Board of Immigration

Appeals affirming an immigration judge's denial of asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.     Substantial evidence supports the Board's determination that petitioners have not demonstrated past persecution. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Alvarez Castaneda and her husband Moises Mendoza Valencia testified credibly that members of the Knights Templar gang harassed Mendoza Valencia for years. The harassment culminated in a confrontation in front of petitioners' home where armed gang members threatened Mendoza Valencia by saying that they would "take away" his wife and child if he refused to work for them.

The Knights Templar's threats do not constitute past persecution because they were not "so menacing as to cause significant actual 'suffering or harm.'" *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)). Nor have petitioners demonstrated that members of the Knights Templar were willing to follow through on their threats; there is no evidence that gang members attempted to locate petitioners or harm their family members after the confrontation. *See Salazar-Paucar v. INS*, 281 F.3d 1069, 1075 (9th Cir. 2002); *Gonzales-Neyra v. INS*, 122 F.3d 1293, 1294–95 (9th Cir. 1997). The record therefore does not compel a finding of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019).

2

The Board did not address petitioners' claims of economic persecution because it determined that petitioners did not present them to the immigration judge. Whatever the merits of that determination, petitioners have forfeited any challenge to it because they did not raise the issue in their opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

2. Substantial evidence also supports the Board's conclusion that petitioners have not established a well-founded fear of future persecution. Mendoza Valencia testified that he was targeted by the Knights Templar because he was a taxi driver. Because he is no longer employed as a taxi driver, the Board's conclusion, that it is unlikely that petitioners will be targeted by the Knights Templar in the future, is reasonable. *See Quintanilla-Ticas v. INS*, 783 F.2d 955, 957 (9th Cir. 1986). Because petitioners failed to demonstrate past persecution or a well-founded fear of future persecution, the Board did not err in denying petitioners asylum and withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1185, 1189–90 (9th Cir. 2006).

3. Substantial evidence supports the Board's denial of CAT relief. Petitioners have not alleged that the Mexican government will torture them or acquiesce in their torture if they were to return. *See* 8 C.F.R. § 208.18(a)(1); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014).

**PETITION DENIED.**

All pending motions are **DENIED** as moot.